## PAPANICOLAS v. BASSIN.
### No. 191.

Municipal Court of Appeals for the District of Columbia.

June 22, 1944.

George Papanicolas, of Washington, D. C., for appellant.

Leonard P. Walsh, of Washington, for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

For convenience the parties will be designated here as they were in the trial court. Defendant was a business broker and there was listed with him for sale, a restaurant business owned by his brothers. He interested plaintiff in the purchase and brought the parties together. During the negotiations, plaintiff called attention to a newspaper account of a health violation charged against the restaurant and asked whether such charge would result in any difficulty in the transfer of the licenses. He was assured there would be no such difficulty. Defendant prepared, and the parties signed, a sales contract under which the restaurant was to be sold to plaintiff for $8000, half to be paid in cash, and the balance in monthly payments. The contract provided for a cash deposit of $500 which plaintiff made. It was provided that such deposit should be forfeited if the buyer failed to perform within five days. Also written into the agreement was this provision:

"If this sale is not consummated neither party shall suffer any loss, that is, if it is not consummated by reason of the non-transfer of any of the licenses on the premises only necessary for the conduct of business."

Within the five day period—on a Sunday —plaintiff made a further inspection of the restaurant and found certain unsanitary conditions which aroused his suspicions. On the next day he went to the Sanitary Inspection Department of the District Government and learned there were violations outstanding against the restaurant which would prevent transfer of the licenses. Plaintiff immediately notified defendant's attorney of what he had learned and demanded return of his deposit. The attorney thereupon requested an inspection by the Sanitary Officer. The inspection was

made the following day and resulted in a written official statement that the Health Department would withhold approval of a license until the following work was done and changes made:

"Repair floor in rear and counter. Make same free from open spaces and broken places and clean the entire front room and all kitchen equipment; rid the entire premises of all roaches and rats, put a floor impervious to water, in the entire kitchen, repair toilet room floors and side walls of toilet rooms, to prohibit rats from entering through toilet rooms, repair drain board on dish sink; get rid of wornout kitchen fixtures."

Plaintiff again demanded the return of his deposit but defendant declared the money forfeited.

We think the trial judge was correct in refusing to honor the forfeiture, and in finding for plaintiff. Plaintiff put up the money as an earnest to bind an executory contract. Both verbally and in writing he was assured that if the licenses were not transferred he would lose nothing. As matters developed the seller was not in a position to perform. Being in default, he had no right to declare a forfeiture of the deposit. The purchaser, when he learned of that, had the clear right to terminate the deal and demand the return of his deposit.

Defendant argues that plaintiff ought not prevail because he never made formal application for transfer of the licenses. But it is plain enough that such application, if made, would have been refused. The law does not require gestures of futility.

Defendant tells us also that he demanded that plaintiff put up the purchase money in escrow pending transfer of the licenses and that plaintiff's refusal to do so was evidence of his bad faith. The short answer is that plaintiff was entitled to stand upon the contract as drawn and was not required to renegotiate upon a new basis to meet the convenience of the seller. In this connection it may also be mentioned that the Health Inspector testified that at the time of the trial, more than two months after the date of the contract, the violations were still outstanding against the restaurant. The legal question aside, we can easily understand plaintiff's unwillingness to borrow trouble of the future.

Affirmed.